UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  2:06-CR-20089-08** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **JOSE LUIS BOSQUES-GUTIERREZ (08)** | **MAGISTRATE JUDGE KAY** |

## ORDER AND REASONS

Before the Court are two pro se filings by Defendant Jose Luis Bosques-Guitierrez. The first filing [ECF No. 1081] is a letter wherein Defendant asks if there are any provisions of the First Step Act of 2018 which might be available to him that would result in a reduction of his sentence. The second filing is a letter requesting assistance from the Court in filing a motion for compassionate release due to the COVID-19 pandemic. [ECF No. 1100]. The government has opposed both filings. [ECF Nos. 1102, 1103]. To the extent the foregoing filings have been construed as motions, they are DENIED.

As to the first filing, the government treats the filing as a motion to reduce sentence pursuant to Section 404 of the First Step Act of 2018 ("FSA").[1] [ECF No. 1102]. The government asserts Defendant is not entitled to relief under Section 404, because he did not commit a "covered offense" as defined by the FSA. The Court agrees. The FSA defines the term "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." FSA § 404(a). Section 2 of the Fair Sentencing Act increased

---

[1] *See* First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat 5194 (2018).

the drug quantities triggering the mandatory minimum for crack offenses under 21 U.S.C. § 841(b). Section 3 of the Fair Sentencing Act eliminated the five-year mandatory minimum sentence for simple possession of crack cocaine. Neither Section 2 nor Section 3 of the Fair Sentencing Act amended the penalties associated with powder cocaine. Accordingly, Defendant is not eligible for relief under Section 404 of the First Step Act.[2]

As to Defendant's second filing, the government treats the filing as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). [ECF No. 1103]. Section 3582(c)(1)(A) permits a court, upon the filing of a motion by the BOP or the defendant after exhausting all administrative remedies, "to reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir.2020) (quoting § 3582(c)(1)(A)(i)). Here, the government argues Defendant has not exhausted administrative remedies. [ECF No. 1103 at 1]. The Court agrees with the government that to the extent Defendant seeks compassionate release, his motion must be denied for failure to exhaust administrative remedies. The documents attached to Defendant's motion show only that he requested his medical records from prison authorities – they do not indicate that he ever sought compassionate release from any prison official. Accordingly, to the extent Defendant's filing should be construed as a Motion for Compassionate Release, the motion must be denied.[3]

---

[2] To the extent Defendant seeks information from the Court as to whether any other provision of the First Step Act is applicable to him, he must seek that advice from legal counsel.

[3] To the extent Defendant seeks assistance from the Court in filing a motion for compassionate release, the Court would again advise Defendant that he must seek legal counsel.

For the reasons set forth above, ECF No. 1081 is DENIED, and ECF No. 1100 is DENIED and DISMISSED WITHOUT PREJUDICE to Defendant's right to re-urge a motion for compassionate release after he exhausts his administrative remedies.

SIGNED this 29th day of June, 2020.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE